**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ARTURO ALEJANDRE VALDEZ, | No.    16-73712 |
| Petitioner, | Agency No. A205-155-370 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 11, 2022**
San Francisco, California

Before: RAWLINSON, BADE, and BRESS, Circuit Judges.

Arturo Valdez, a citizen of Mexico, petitions for review of a Board of

Immigration Appeals (BIA) decision dismissing his appeal of an Immigration Judge

(IJ) order denying his applications for withholding of removal and protection under

the Convention Against Torture (CAT).  We review for substantial evidence and

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

may grant relief only if the record compels a contrary conclusion. *Sharma v. Garland*, 9 F.4th 1052, 1060 (9th Cir. 2021). We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.[1]

Substantial evidence supports the denial of withholding of removal. To establish eligibility for withholding of removal Valdez must establish "that it is more likely than not" that he will be persecuted if returned to Mexico "because of" membership in a particular social group or other protected ground. *Barajas-Romero v. Lynch*, 846 F.3d 351, 357, 360 (9th Cir. 2017); *see* 8 U.S.C. § 1231(b)(3)(A). The BIA reasonably concluded that the threats Valdez received did not rise to the level of past persecution. "Persecution is an extreme concept that does not include every sort of treatment our society regards as offensive." *Wakkary v. Holder*, 558 F.3d 1049, 1059 (9th Cir. 2009) (quotations omitted). Valdez did not suffer any physical harm in Mexico. The threats he received were made many years ago and Valdez points to no evidence indicating that the man who threatened him had "the will or ability to carry it out." *See Fon v. Garland*, 34 F.4th 810, 815 (9th Cir. 2022).

Substantial evidence also supports the BIA's conclusion that Valdez failed to show the required nexus between his fear of harm and a protected ground if he returns to Mexico, given that the incidents and threats occurred many years ago. The

---

[1] Valdez has not challenged the denial of CAT protection, and that claim is therefore forfeited. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1260 (9th Cir. 1996).

2

BIA also reasonably found that Valdez's claim was undermined by the fact that his mother and siblings continue to live in Mexico unharmed.[2] *See Hakeem v. INS*, 273 F.3d 812, 816 (9th Cir. 2001) (explaining that "[a]n applicant's claim of persecution upon return is weakened, even undercut, when similarly-situated family members continue to live in the country without incident"), *superseded by statute on other grounds as stated in Ramadan v. Gonzales*, 479 F.3d 646, 650 (9th Cir. 2007) (per curiam).

The BIA also correctly determined that Valdez's fear of returning to Mexico "based on general conditions of criminal violence and civil unrest affecting his home country's populace as a whole" does not have a nexus to a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."). Further, the BIA's reference to the "one central reason" standard is not material error under *Barajas-Romero v. Lynch*, 846 F.3d 351 (9th Cir. 2017), because the BIA found no nexus between Valdez's general fears of crime and violence and a statutorily protected ground. *See Singh v. Barr*, 935 F.3d 822, 827 (9th Cir. 2019) (per curiam) (holding that no remand is required, despite asserted *Bajaras-Romero* error, where agency found that

---

[2] Contrary to Valdez's assertion, the BIA did not conclude that this fact precluded his eligibility for relief. The BIA merely considered this as one factor that weighed against finding a likelihood of future persecution.

3

there was no nexus between the harm to petitioner and a protected ground).

**PETITION DENIED.**